SCANNED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61184-CIV-COHN/SNOW

DELVAG LUFTFAHRTVERSICHERUNGS-
AKTIENGESELLSCHAFT a/s/o DANIEL K.,
INC.,

        Plaintiffs,

vs.

MARKEL INSURANCE COMPANY f/k/a
TERRA NOVA INSURANCE CO., LTD.,
LILLI OF MIAMI, INC. and LILY SWAEBE,

        Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Markel Insurance Company's Motion to Dismiss [DE 9]. The Court has reviewed the Defendant's Motion, Plaintiffs' Response [DE 14], Defendant's Reply [DE 16], and the file, and is otherwise fully advised in the premises.

### I. STANDARD OF REVIEW AND BURDEN OF PROOF

Defendant argues in its Motion to Dismiss that this Court lacks subject matter jurisdiction over this action. The Court notes at the outset that upon a Motion to Dismiss for lack of subject matter jurisdiction, the Court may look beyond the pleadings to "zealously insure that jurisdiction exists over a case" and is not bound by the jurisdictional contentions of the parties. Smith v. GTE Corporation, 236 F.3d 1292, 1299 (11th Cir. 2001). Defendant makes a factual attack on the Court's subject matter jurisdiction, rather than a facial attack, so "matters outside the pleadings, such as

testimony and affidavits, are considered." McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999) (*quoting* Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Contrary to the Plaintiffs' argument, the Court is not limited by the four corners of the Complaint, and "no presumptive truthfulness attaches to plaintiff's allegations." McMaster, 177 F.3d at 940. "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). Accordingly, the Court considers the full record in deciding this Motion. Further, the Court notes the longstanding rule that the party seeking the exercise of federal jurisdiction bears the burden of proof with regard to establishing federal jurisdiction. Miedema v. Maytag Corp., 450 F.3d 1322, 1328 (11th Cir. 2006).

## II. ANALYSIS

The Court's subject matter jurisdiction in this case is predicated on diversity of the parties, pursuant to 28 U.S.C. §1332.[1] At the time that Defendant's Motion to Dismiss was filed, the Complaint included claims by Plaintiffs Delvag and Daniel K against Defendant Markel Insurance Company. The Complaint alleged that although Delvag was a German corporation, Daniel K was a New York corporation and Markel was an Illinois corporation, thus establishing diversity jurisdiction. Defendant's Motion to Dismiss, however, provided evidence that Defendant Markel is in fact a British

---

[1] Unfortunately, the parties' submissions have lacked precision in their citation of specific statutory authority. Where necessary, for purposes of analysis, the Court has inferred from the arguments presented which specific subsection of 28 U.S.C. §1332 is relevant.

2

corporation, and argued that the presence of an alien on both sides of the case destroyed complete diversity. Defendant's argument on this point is persuasive. Diversity jurisdiction can be established pursuant to 28 U.S.C. §1332(a)(2) in cases between "citizens of a State and citizens or subjects of a foreign state." However, the presence of alien parties on both sides of the controversy renders diversity incomplete. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580 (1999). In that case, the plaintiffs included two Texas corporations and a Norwegian corporation, and the defendant was a German corporation. Id. at 578. The Court held that the foreign citizenship of the German defendant and the Norwegian plaintiff rendered diversity incomplete. Id. at 580. See also Impuls I.D. Internacional v. Psion-Teklogix, 234 F. Supp. 2d 1267, 1273 (S.D. Fla. 2002) (finding that the court lacked subject matter jurisdiction where the plaintiffs included a Florida corporation and two foreign corporations, and the defendant was a Canadian corporation).

Following the filing of Defendant's Motion to Dismiss, however, Plaintiffs filed an Amended Complaint naming Defendants Lilly of Miami and Lilly Swaebe, both Florida residents. Plaintiff then argued in response to Defendant's Motion to Dismiss that there was complete diversity in the action, presumably pursuant to 28 U.S.C. §1332(a)(3). This section of the statute provides for original jurisdiction in cases between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. §1332(a)(3). In its Reply, Defendant argued that Plaintiff Daniel K and Defendants Lilly of Miami and Lilly Swaebe were fraudulently joined for the purposes of creating diversity, and that Plaintiff Delvag is the true party in interest for purposes of determining jurisdiction.

Defendant also argues that despite the presence of diverse parties on both sides of the controversy, diversity jurisdiction cannot be found because the presence of aliens on both sides of the action destroys diversity. Defendant is incorrect on this point of law. Although the Eleventh Circuit has not addressed this issue in the context of 28 U.S.C. §1332(a)(3),[2] other circuits have held that jurisdiction exists where diverse citizens are joined with aliens under this provision even where the aliens appear on both sides of the controversy. See e.g., Dresser Industries v. Lloyd's of London, 106 F.3d 494 (3d Cir. 1997); Goar v. Compania Peruana de Vapores, 688 F.2d 417, 420 (5th Cir. 1982); Allendale Mutual Ins. Co. v. Bull Data Sys., 10 F.3d 425, 428 (7th Cir. 1993); Transure v. Marsh & McLennan, 766 F.2d 1297, 1299 (9th Cir. 1985). Commentators have also noted that "the language of Section 1332(a)(3) is broad enough to allow aliens to be additional parties on both sides of the dispute." 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §3604. Thus, jurisdiction may be established, even though aliens appear on both sides of the controversy.

However, the Defendants here present additional arguments which are more convincing. The basis for the Court's exercise of jurisdiction under Section 1332(a)(3) is the presence of a legitimate cause of action between two diverse parties. "The inclusion of a citizen of a state as a party or of citizens of diverse states as parties

---

[2] Among published opinions from District Courts within the Eleventh Circuit, the Court finds only one case that is analogous. In Samincorp v. Southwire, Judge Vining, of the United States District Court for the Northern District of Georgia, found that "the statute does not provide that diversity is destroyed if citizens of foreign states are both plaintiffs and defendants" in considering jurisdiction pursuant to Section 1332(a)(3). 531 F. Supp. 1, 2 (N.D. Ga. 1980).

cannot save jurisdiction of an action in which aliens are the principal adverse parties." 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §3604. In Dresser Industries, however, the Third Circuit declined to read a weighing requirement into the statute, holding that "so long as there is a legitimate dispute between the citizens involved, jurisdiction exists under 28 U.S.C. §1332(a)(3)."  106 F.3d at 500. The court explained further:

> The use of the term "additional" [in Section 1332(a)(3)] does not reference the level of involvement of the parties or the interests at stake.  Rather, it merely indicates that the jurisdictional hook upon which the case hangs is the existence of a legitimate controversy between diverse citizens, and unless that requirement is satisfied, jurisdiction will not exist.

Id.  This Court concludes that the alien corporations are the principal adverse parties, and there is no legitimate dispute between the diverse citizens, New York Plaintiff Daniel K and Florida Defendants Lilly of Miami and Lilly Swaebe.  Pursuant to the "loan receipt" submitted by Plaintiffs as an exhibit to their Amended Complaint, Daniel K agreed to cede all rights arising from the loss to the insurer, Delvag.  (Amended Complaint, [DE 14-2], Exh. D.)  The United States Supreme Court has held that "if the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name."  United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 380 (1949).  In contrast, if the subrogee "has paid only part of the loss, both the insured and insurer . . . have substantive rights against the tortfeasor which qualify them as real parties in interest."  Id. at 380-81.  In the case at bar, there is no indication that the subrogation of Daniel K's rights was anything other than full; in the "loan receipt" that was signed at the time the funds were provided, Daniel K assigned

"all our rights out of this loss" to Delvag.[3] In signing over these rights, Daniel K retained no rights to individually pursue a claim against any of these Defendants. Daniel K is not a real party in interest. Thus, the Court finds that there is no legitimate dispute between Daniel K and the newly added Defendants, Lilly of Miami and Lilly Swaebe, and as such, this Court lacks subject matter jurisdiction over the true dispute in this case: that between the foreign corporations Delvag and Markel.

Defendant Markel also argues that Plaintiff Daniel K and Defendants Lilly of Miami and Lilly Swaebe were fraudulently joined by Plaintiff Delvag for purposes of creating diversity jurisdiction. However, the joinder of these parties, whether fraudulent or not, does not create jurisdiction because there is no genuine controversy between them, as discussed above. As such, the Court need not reach the question of whether these parties were fraudulently joined.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 9] is **GRANTED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). It is further

---

[3] The Eleventh Circuit has stated in dicta that "when a loan receipt is utilized, however, the insured retains a sufficient interest so as not to displace him as the real party in interest under F. R. Civ. P. 17(a)." Frank Briscoe Co. v. Georgia Sprinkler Co., 713 F.2d 1500, 1502 n.1 (11th Cir. 1983). However, the citations provided to support this statement are cases in which the insurer provided a loan to the insured, and the insured agreed to pursue recovery and reimburse the insurer to the extent that recovery was obtained. See, e.g., R.J. Enstrom Corporation v. Interceptor Corporation, 520 F.2d 1217 (10th Cir. 1975). Although the document at issue in this case is titled "Loan Receipt," it effected the subrogation of Daniel K's legal rights to pursue the parties responsible for the loss to Delvag, and is, thus, distinctly different from the "loan receipts" at issue in the cases cited by the court in Frank Briscoe Co.

**ORDERED AND ADJUDGED** that all pending motions are **DENIED** as moot.

The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 16TH day of January, 2007.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Eric L. Stettin, Esq.
Mark A. Greenberg, Esq.
Jeffrey E. Foreman, Esq.
Michael D. Simon, Esq.